Sawyer, Respondent, vs. La Flesh and another, Appellants.

*March 17 — April 6, 1886.*

*(1) Contract for services: Evidence. (2) New trial: Newly discovered evidence.*

1. The evidence herein is *held* sufficient to sustain a verdict to the effect that the defendants agreed to pay the plaintiff $5 per day for services.

2. An application for a new trial on the ground of newly discovered evidence is *held* to have been properly denied, it not appearing that such evidence could not have been brought out at the first trial by a reasonable effort.

APPEAL from the Circuit Court for *Clark* County.

The case is thus stated by Mr. Justice Cassoday:

"The defendants, *La Flesh & Hewett,* became involved in a controversy respecting their mutual partnership dealings and accounts. They agreed in writing to submit for adjustment and determination such differences to three persons named, including the plaintiff, called 'arbitrators.' The writing was lost, but it is conceded that it was therein agreed to pay each of such arbitrators five dollars per day for such services as were therein stipulated to be performed. The nature and character of such services are in dispute. The complaint is for thirty-five days' services performed at the special instance and request of the defendants, for which they promised to pay $5 per day, and claims a balance of $122 and interest, after allowing a credit of $53.

The answer denies the alleged contract, and alleges that the plaintiff only performed ten days' work, worth only $3 per day. Upon the trial the jury returned a verdict for the plaintiff of $141. The defendants moved to set aside the verdict upon the minutes, and for newly discovered evidence. The motion was denied, and thereupon judgment was entered upon the verdict, from which the defendants appeal."

For the appellants there was a brief by *Ring & Youmans*, and oral argument by *Mr. Ring*.

*James O'Neill*, for the respondent.

CASSODAY, J. The undisputed evidence is to the effect that all, or nearly all, the services rendered by the plaintiff consisted in his examining the books of the defendants, and ascertaining how the accounts stood between them as appeared from their books; and that he did all of such service in the absence of the other arbitrators named, except on the last day, when all the arbitrators were together, and the controversy was settled. The court, in effect, so charged the jury; and, further, that the plaintiff could not recover at all unless they found from the evidence that the defendants promised to pay him five dollars a day for the kind of service which he did in fact render. The verdict of the jury is to that effect. It is urged that there is no sufficient evidence to sustain such finding. But a careful examination of the printed case and the bill of exceptions convinces us that the evidence is sufficient to sustain the verdict, and that the court was justified in submitting the case to the jury. That question is really one of fact, upon which discussion would be unprofitable. It seems to us that the court very fully and fairly submitted the whole case to the jury, and in no way prejudicial to the defendants. We find nothing in any of the eight several instructions requested by the defendants properly applicable to the

Sawyer vs. La Flesh and another.

case which was not, in substance, given to the jury in the general charge. We do not feel called upon to consider them, nor the several propositions contained in the charge, *seriatim*. As indicated, the real question here involved is one of fact.

The application for a new trial on the ground of newly discovered evidence was clearly insufficient. It was merely to the effect that since the trial one of the plaintiff's witnesses had been enabled to remember the contents of the lost stipulation much better and more fully and favorably to the defendants than he could on the trial. The affidavit of the witness to that effect is not produced, and no adequate reason is given for its non-production. No effort seems to have been made before the trial to ascertain what he remembered, nor to stimulate his memory, notwithstanding he drew the stipulation, and it was last known to be in his custody. Besides, there seems to have been sufficient evidence outside of that writing to sustain the verdict. We are clearly of the opinion that the court was justified in refusing a new trial on the ground of newly discovered evidence.

*By the Court.*— The judgment of the circuit court is affirmed.